**LUCY M. TUIOLOSEGA and ALOALO OLO, for themselves and on behalf of the LEUI family, Plaintiffs,**

v.

**FULL GOSPEL CHURCH OF OFU, PATI VAEAO, and JOHN DOE aka UIKISONE, Defendants.**

High Court of American Samoa
Land and Titles Division

LT No. 04-04

March 15, 2004

Before KRUSE, Chief Justice, ATIULAGI, Associate Judge, and MAMEA, Associate Judge.

Counsel: For Plaintiffs, Robert K. Maez
For Defendants, Afa Ripley, Jr.

## ORDER GRANTING MOTION
## FOR PRELIMINARY INJUNCTION

Plaintiffs Lucy M. Tuiolosega and Aloalo Olo are blood members of the Leui family of Ofu, Manu`a. The defendant First Samoan Full Gospel Pentecostal Church (the "Church") is currently building a church on communal land of the Leui family known as "Auma." Plaintiffs seek to enjoin the Church's construction activity.

The Church's point of contact with Leui family land holdings is Fo`inu`u P. Folauo`o ("Folauo`o") who is also a member of the Leui family and who holds himself out as the *sa`o* (senior *matai*) of the Leui family. In this assumed capacity, Folauo`o has attempted to grant the Church a leasehold on Auma where the construction activity complained of is being undertaken.[1]

The basis of Folauo`o's claim to being the current *sa`o*, and hence to *pule* (titular authority) over family lands, is a photocopy of a certificate purportedly issued by the Territorial Registrar's office on September 14, 1992. Folauo`o testified that the said certificate was issued to him by the Territorial Registrar pursuant to a court decision in a case with the docket number MT No. 03-80. Plaintiffs, who vigorously oppose Folauo`o's secession claim, maintain that the family's *matai* title is vacant, and has been vacant since the last registered title holder, Leui Vaoesea, died on or about 1989.

In these matters, we are guided by A.S.C.A. § 43.1401(j), which sets out the requirement of "sufficient grounds" for the issuance of a preliminary injunction. These are:

> (1) there is a substantial likelihood that the applicant will prevail at trial on the merits and that a permanent injunction will be issued against the opposing party; and
> (2) great or irreparable injury will result to the applicant before a full and final trial can be fairly held on whether a permanent injunction should issue.

---

[1] The Church had earlier attempted to erect on the same location in the mid-1970s when Folauo`o's father, then the Leui titleholder, gave the Church permission to build. The construction was apparently aborted following a successful petition to the Land and Titles Division by the Leui family to remove Folauo`o's father from the family's title. *See In re Matai Title "Leui,"* LT No. 1576-75 (Land & Titles Div. 1976), *aff'd Leui v. Leui*, AP No. 8-76 (App. Div. 1977).

## I. Likelihood of Success on Merits

■ On the issue of likelihood of prevailing on the merits, we conclude in favor of Plaintiffs and against the Church. The legitimacy of the latter's claim is based on the legitimacy of Folauo'o's claim to being *sa'o* of the Leui family. That claim is without any credible foundation. First, the court case upon which Folauo'o bases his claim, MT No. 03-80, does not award anyone the *matai* title Leui, let alone Folauo'o. Rather, we find therein an order by the presiding justice attempting to remove the Leui title from Vaoesea through default proceedings, upon petition of Folauo'o and others. *See Folauo'o v. Leui*, MT No. 03-80 (Land & Titles Div. 1980).[2] Second, the Territorial Registrar took the stand and testified that she has no record whatsoever of *matai* succession proceedings in her office evidencing Folauo'o's claim to being the registered holder of the Leui title. *Cf.* A.S.C.A. § 1.0401 *et seq.* Folauo'o is accordingly without *pule* to lease Leui land to the Church.

Moreover, even if Folauo'o's claim to having succeeded the Leui title is to be believed, which it is not, the lease instrument upon which the Church has based its entitlement to the land "Auma" is hopelessly invalid for failure to comply with the provisions of the statute governing the alienation of communal land. *See* A.S.C.A. § 37.0201 *et seq.* (requiring consideration by the Land Commission and gubernatorial approval of any lease of communal land).

On the foregoing, we find that Plaintiffs are likely to prevail at trial.

## II. Great or Irreparable Injury

■ On the issue of irreparable harm, we find, on the basis of the evidence before us, the Church's chances of winning are next to nothing. To allow a large permanent structure (a church building) to be erected upon the land on the basis of the Church's very tenuous claim to entitlement, presents the sort of harm that ought to be enjoined.[3]

---

[2] The validity of this order is not without question as the law in 1980 required, *inter alia*, that "[a]ll controversies relating to matai title shall be heard by three associate judges and decided by majority vote." *See* 5 A.S.C. § 408(e). Moreover, the case file does not contain the mandatory and prerequisite "certificate of irreconcilable dispute" from the Secretary of Samoan Affairs which is required to be filed with Clerk "[b]efore any action relating to controversies over . . . matai titles may be commenced in the land and titles division." *See* A.S.C. § 1002.

[3] Counsel for the Church argues for the absence of irreparable harm to Plaintiffs, contending that the church building could be either removed or the parties can settle should Plaintiffs prevail. But this is the irreparable aspect to Plaintiffs' claim; that is, being forced to enter into a settlement

We find that the equities weigh in favor of Plaintiffs on the issue of irreparable harm.

We conclude that Plaintiffs have shown sufficient grounds, and accordingly, their application for a preliminary injunction is granted. Accordingly, IT IS HEREBY ORDERED, that Defendants, their agents, employees, servants, relatives, attorneys and all those in active concert or participation with them, be and are HEREBY ENJOINED from constructing any building or structure upon Leui family land known as Auma, located in the Village of Ofu, Manu`a, being that land more particularly described in Exhibit 4, Land Use Permit and Application, made a part of the record herein.

---

after prevailing on the merits, given the intervening encumbrance to the land in the way of a large permanent structure.